Battle, J.
The main question presented in this cáse, and the only one which at present we think it proper to decide, arises upon the construction of the deed executed by Jonathan L. Carson and George M. Carson to William M. Carson, on the 6th of May, 1842, in trust for his wife •and'Children. The question is whether the trust in favor ■ of the children, is confined to the children of the trustee’s then wife Almyra, or does it embrace ako the children which he had by his second wife Catharine.
• We are clearly of opinion, that upon any .admissible construction of the deed, it includes the ehildf’en of the first wife only. The recital of the consideration on which the •deed was made is the sum of one dollar, and “ the good will and affection they (the grantors) have for Almyra T. Carson, wife of said William and the children of the said William and Almyra, namely John, Martha M, Mary M, Matilda EL and William, and such as they may have here *27 after.” From this recital it is manifest that the purpose of the grantors to provide for the then wife of the grantee and such children as he and she then had and might have thereafter. The expression “such as they may have hereafter,” is too plain to admit of any other interpretation. In the clause which declares the trust, it is'said that the grantee saall have and hole the property conveyed “ for the «ole and separate use of his wife, the said Almyra, and the children as aforesaid, and süch as may be born and begotten by the said William hereafter.” It is contended for the cnildren of the second marriage, that the last words oí this clause, extend the trust to any children which the grantee might have by sny future wife. This would be so, if the words were to be coosidered alone, unconnected with any thing else in the.deed; but that would violate a fundamental rule in the construction of deeds, “ that the construction he made, upon the entire' deed, and not merely upon disjointed parts of it.” 2 Bla. Com. 379. These words “ and such as may be horn and begotten by the said William hereafter,” must he considered with reference to the recital of the consideration, which evidently Í3 the good will and affection which the grantors had for their brother’s wife Almyra, and the 'children which he then had and might thereafter have by her. Why the grantors should wish to exclude the children by any future wife,, we do not know. It may have been an inadvertent omission, but if it were, we can not supply it. '
There is a subsequent clause of the deed which provides “ that if the- said Almyra shall depart this life before the said William, then j,nd in such ease, her interest in said property of all kinds is to ceasé and to determine.” This is also urged as a manifestation of intention, that she and her children were not the only objects provided for by the deed. It seems clear to us1 that the only purpose oí this clause was to prevent the husband from.taking any inter *28 est in the property Jure mariti. The whole deed shows that his brothers thought they could not convey the property or any part of it, to be held by him for himself,, and wé have no doubt it was for the reason stated in the bill, that he was largely insolvent, and that if the property were conveyed to him without any trust declared in favor of his wife and children, it would be taken to pay his debts. It was known to the person who drew the instrument that the,equitable estate which the wife was to take in the property, would, unless it were provided against, become her husband’s upon her death ; ánd hence the clause in question was inserted to prevent that consequence., The making her interest in the trust progerty cease and determine upon her death, had the same effect in favor of her children, as the limitation of it over to them would have had. See Little vs. McLendon, 5 Jones Eq. 216.
In all the clauses of the deed following that which wo have just noticod, it will be seen that the grantee’s wife Almyra and her children were the only persons i'a the contemplation of the parties to the deed ; and such being the case, the hardship of excluding the children of the grantee by his second wife, no matter how great it may be deemed, can not induce the court to- adopt a construction in opposition to the plain meaning of the instrument*
Having ascertained- that there is no trust declared in favor of the children of the second marriage, in the deed executed to William M. Carson by his brothers, we are of opinion that he acquired no right to give to such children by deed, will, or otherwise, the property,, part of the trust fund, which he convened to his son John on the 6th day of January, 1860, and took back by another conveyance of the'same date. The deed to John purports to be an advancement to him by his faiher in execution of the power conferred on him as trustee : but fhfe deed of're-conveyance executed at the same time, shows that the true pur *29 pose was hot' to advance the son, but the children of the second marriage. The execution of the two deeds is in ef-feet bat one transaction, and a court of equity can not allow a trustee to change the objects of nis trust bv any such contrivance. -
There are other questions presented by the pleadings, Which we are unwilling to decide without the aid of an argument. One of these questions is, whether the children of Willian M, Carsen by his first wife, had during the lifetime of tneir’father, such an interest in thé trust property not advanced to them by their father as trustee, as survived upon the deaths of some of them to their respective ad-minisirators. A second question is, whether the trustee had power to devise and bequeath by his will any part of the trust property to the children of his deceased daughter Martha Burgin.
These questions will be reserved for future consideration : but there may be a decree now declaring that the defendants Catharine Carson and George S. Carson, children of William M. Carson by'h’.s second, wife, do not take by the will of their father any part of the property real or personal conveyed to their father in-trust by his brothe’M Jonat'-.ni L. Carson and George M. Carson, he having acquired no power to devise and bequeath it to them by reason of the conveyances of the same to and from his sbn John on the 6th of January, 1860. ’ There may also bo a. decree-for the sale of the land belonging to the trust fund, not specifically given or devised by the trustee to any cf Ms children. And the parties may have a reference for an account of the trust fund, if they desire it.